# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41708
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LIONICIO ALEGRIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-308-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Lionicio Alegria appeals the 90-month below-guidelines sentence imposed in connection with his guilty plea conviction for conspiracy to transport undocumented aliens. He argues that the district court clearly erred in applying a nine-level enhancement under U.S.S.G. § 2L1.1(b)(2)(C) based on a finding that the offense involved 100 or more aliens. Alegria contends that the district court erroneously included as relevant conduct prior alien

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

smuggling activity that was not part of the same course or conduct or common scheme or plan.

We reviewed the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Whether the district court properly determined relevant conduct is a factual finding reviewable for clear error. *United States v. Solis*, 299 F.3d 420, 461 (5th Cir. 2002).

The offense of conviction and the prior smuggling activity involved schemes to pick up aliens from the brush, house them at Alegria's ranch, and transport them north. The instant conviction and the prior activity dating from 2009-2015 shared a common purpose and modus operandi and were part of a common scheme or plan. *See United States v. Williams*, 610 F.3d 271, 293-94 (5th Cir. 2010). Alegria has not shown that the district court clearly erred by concluding that his prior alien smuggling activity was conduct relevant to his offense of conviction.

Alegria also challenges the four-level enhancement under U.S.S.G. § 3B1.1(a) for being an organizer or leader, arguing that his role was minor. Section 3B1.1 provides for a four-level increase in the base offense level where "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." § 3B1.1(a). Whether a defendant is a leader for purposes of an adjustment under § 3B1.1(a) is a finding of fact reviewed for clear error. *United States v. Gonzales*, 436 F.3d 560, 584 (5th Cir. 2006).

The facts contained in the PSR and the testimony presented at sentencing showed that Alegria provided services such as law enforcement scouting, hiring drivers, and using his ranch as a stash house. Wire transfers

showed money was transferred to several members of Alegria's family on his behalf. Prior employees admitted to working for Alegria as drivers. The evidence supports a finding that Alegria directed at least one other person in the conspiracy; such a finding is sufficient to support the enhancement. *See* § 3B1.1, comment. (n.2); *United States v. Curtis*, 635 F.3d 704, 720 (5th Cir. 2011). Accordingly, the district court did not clearly err in applying the organizer or leader enhancement.

The judgment of the district court is AFFIRMED.